**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donnie Ray Matthews, | No. CV-18-03740-PHX-MTL (MHB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff Donnie Ray Matthews filed a pro se civil rights Second Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 9). In its screening order, the Court ordered Defendants Ryan and Corizon to answer the Second Amended Complaint, and dismissed the remaining claims and Defendants without prejudice. The Court also stated that "[w]ithin 120 days from the filing date of this Order, Plaintiff must file a 'Notice of Substitution,' substituting actual names of members of Defendant Utilization Management Team. The Court may dismiss without prejudice Defendant Utilization Management Team if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time."

Plaintiff has not moved for an extension of time, and to date, Plaintiff has not filed a notice of substitution – and the time for doing so has expired.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to

prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. Plaintiff's failure to comply with Court Orders, file a notice of substitution, and ultimately serve the members of Defendant Utilization Management Team, prevents the case against them from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already made reasonable efforts to provide Plaintiff with the time needed to file a notice of substitution.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.

Plaintiff's claims against the members of Defendant Utilization Management Team will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure Plaintiff's claims against the members of Defendant Utilization Management Team are dismissed without prejudice.

Dated this 7th day of October, 2019.

Michael T. Liburdi
United States District Judge