WO                                                                                                            SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donnie Ray Matthews, | No. CV 18-03740-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Donnie Ray Matthews, who is currently confined in the Arizona State Prison Complex-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Motion to Request an Preliminary Injunction and/or an Temporary Restraining Order" (Doc. 36) and Defendant Centurion of Arizona, L.L.C.'s ("Centurion's") Motion for Clarification (Doc. 40), in which Centurion seeks clarification whether it needs to respond to Plaintiff's Motion.

The Court will deny Plaintiff's Motion for Preliminary Injunction and will grant Defendant's Motion for Clarification to the extent that this Order clarifies that no response from Centurion to that Motion is required.

**I.     Background**

On screening of Plaintiff's two-count Second Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that, liberally construed, Plaintiff stated Eighth Amendment medical care claims in Count One against Defendant former Arizona Department of Corrections (ADC) Director Charles Ryan in his official capacity and in

1  Count Two against Defendants former ADC Medical Provider Corizon and Corizon's
2  Utilization Management Team and directed these Defendants to answer these
3  claims. (Doc. 14.) The Court dismissed the remaining claims and Defendants. (*Id.*) The
4  Court subsequently substituted current ADC Director David Shinn for former Director
5  Ryan in his official capacity and added current ADC medical provider Centurion as a
6  Defendant solely for purposes of providing injunctive relief. (*See* Docs. 22, 23.)

## II.   Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law

clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

**III.     Plaintiff's Motion for Injunctive Relief**

In his Motion, Plaintiff appears primarily to allege past injuries that occurred between the time he filed this action in November 2018 and when he filed his Motion, including while he was in drug rehabilitation after his release from ADC custody in 2019 and during his subsequent reincarceration following an alleged retaliatory arrest by "Defendants" in January 2020. (Doc. 36 at 1−3.) These allegations include, in part, that, "before his detention and after his detention," "Defendants" did not immediately take him to the hospital as he requested for an unspecified medical issue; they refused to allow him to obtain writing materials from the inmate store; they punished him for being removed from a reentry class by "dropping him to the lowest phase"; and they failed to take him to a doctor's appointment at the Banner University Hospital infectious disease clinic in April 2020. (*Id.* at 3−4.)

As to relief, Plaintiff specifically requests that "Defendants" be required to

1. [R]efund Plaintiff income account for funds improperly taken for filing fees in this case,
2. Reinstate his Phase 3 immediately; and
3. Take Plaintiff to his follow-up medical appointment at Banner University Hospital

(*Id.* at 4.)

## IV. Discussion

The Court will deny Plaintiff's Motion for Preliminary Injunctive Relief. First, Plaintiff has not made any of the required *Winter* showings, including that he is likely to succeed on the merits of his underlying claims in this action and that he will suffer irreparable harm absent the Court's intervention. Plaintiff also largely appears to allege only past harms, which are not a ground for injunctive relief. To obtain preliminary injunctive relief, a plaintiff must demonstrate ongoing harm or the present threat of irreparable injury, not a past injury. *See Conn. v. Mass.*, 282 U.S. 660, 674 (1931) (an injunction is only appropriate "to prevent existing or presently threatened injuries").

Additionally, to the extent Plaintiff seeks to remedy possible ongoing harms, such as his removal from "Phase 3" or his need to be taken to a follow-up medical appointment, he fails to show that these requests are in any way related to his underlying medical claims in this action, which are based on allegedly improper medical treatment he received for a broken leg in 2017. (*See* Doc. 14.) Therefore, even if Plaintiff could make the proper *Winter* showings, the Court would lack jurisdiction to order relief. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunctive relief is inappropriate for matters "lying wholly outside the issues in the suit"). Although "new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Pac. Radiation*,

810 F.3d at 636 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (requiring a plaintiff to "establish a relationship between the injury claimed in the party' s motion and the conduct asserted in the complaint")).[1]

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Request an Preliminary Injunction and/or an Temporary Restraining Order (Doc. 36) and Centurion's Motion for Clarification. (Doc. 40.)

(2) Plaintiff's Motion to Request an Preliminary Injunction and/or an Temporary Restraining Order (Doc. 36) is **denied**.

(3) Centurion's Motion for Clarification (Doc. 40) is **granted** to the extent the Court **clarifies** that no Defendants are required to respond to Plaintiff's Motion, which is herein denied.

Dated this 8th day of June, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

---

[1] Because the Court will deny Plaintiff's Motion, no response is required from Centurion or any other Defendants in this action.