WO                                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donnie Ray Matthews, | No. CV 18-3740-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Donnie Ray Matthews, who was previously confined in the Arizona State Prison Complex (ASPC)-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Defendant Centurion moves for summary judgment and for summary disposition of its Motion for Summary Judgment.  (Docs. 53, 68.)  Plaintiff was informed of his rights and obligations to respond to the Motion for Summary Judgment pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 55, 75), and he failed to do so.  The Court will grant the Motion for Summary Judgment and deny the Motion for Summary Disposition.[2]

**I.     Background**

On screening of Plaintiff's two-count Second Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that, liberally construed, Plaintiff stated Eighth

---

[1] After filing this action, Plaintiff filed a Notice of Change of Address, showing that he has since been released from custody.  (Doc. 11.)

[2] Also before the Court is Defendants Corizon and Shinn's Motion for Summary Judgment (Doc. 73), which the Court will address by separate order.

Amendment medical care claims in Count One against Defendant former Arizona Department of Corrections (ADC) Director Charles Ryan in his official capacity and in Count Two against Defendants former ADC Medical Provider Corizon and the Corizon Utilization Management Team (UMT). (Doc. 14.) The Court ordered Ryan and Corizon to answer, gave Plaintiff 120 days to identify and substitute the names of the UMT members as the proper Defendants for the UMT, and dismissed the remaining claims and Defendants. (*Id.*)

The Court subsequently dismissed without prejudice the UMT pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute because Plaintiff did not file a timely notice of substitution with the names of the UMT members or seek an extension of time to do so. (Doc. 20.) The Court also substituted current ADC Director David Shinn for former ADC Director Ryan in his official capacity and joined current ADC medical provider Centurion as a Defendant solely for purposes of providing injunctive relief. (*See* Docs. 22, 23.)

## II.     Motion for Summary Disposition

Centurion moves the Court to summarily grant its Motion for Summary Judgment on the ground that Plaintiff did not file a response. (Doc. 68.) Centurion submits that, absent a response, the Court should consider the matters in its Motion undisputed, thereby entitling it to summary judgment. (*Id.* at 2.) Centurion further argues that the Motion for Summary Judgment clearly demonstrates that Plaintiff's claims for injunctive relief are moot because it demonstrates that Plaintiff has been released from ADC custody. (*Id.*)

The Court may only consider a movant's asserted facts if they are properly supported as required under Federal Rule of Civil Procedure 56(c)(1)(A), regardless of whether the nonmovant responds or disputes the asserted facts. If the movant fails to meet its initial burden of production, the opposing party need not respond or produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). Thus, a party's failure to respond to a summary judgment motion is not a basis for summarily granting that motion. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir.

2013) (Rule 56 does not permit a court to grant summary judgment by default). For this reason, Centurion's Motion for Summary Disposition will be denied, and the Court will address Centurion's mootness arguments in the context of its Motion for Summary Judgment.

### III. Legal Standards

#### A. Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw

all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

### B. Mootness

A case is moot, and a court lacks jurisdiction over the matter if there is no longer a "live" controversy between the parties because they lack a "legally cognizable interest in the outcome." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party moving to dismiss a matter on the ground that it is moot "bears a heavy burden." *Demery*, 378 F.3d at 1025.

A prisoner's release from prison generally moots any claim for injunctive relief relating to that prison. *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). An exception to the mootness doctrine exists if a violation is "capable of repetition, yet evading review." *Id.* This exception applies when (1) the duration of the challenged action is too short to be litigated before cessation and (2) there is a reasonable expectation that the injury will occur again. *Id.*

## IV. Facts Relevant to Mootness

Plaintiff's claims in this action arise from an off-site horse training accident that occurred on April 26, 2017, while Plaintiff was in ADC custody, resulting in Plaintiff breaking several bones in his foot, ankle, and leg. (Doc. 14 at 3−7.) Plaintiff alleged that prison staff, Corizon, and the UMT failed to provide him proper medical care, resulting in significant further injuries to Plaintiff's ankle and foot, surgeries, and unnecessary infliction of pain. (*See id.*) Plaintiff sought monetary damages. (Doc. 9 at 15.)

Centurion was joined as a Defendant in this action for equitable reasons because Plaintiff's injuries could potentially entitle him to injunctive relief, and as ADC's current healthcare provider, Centurion would be responsible for providing any such relief, if granted. (*See* Doc. 23.)

According to the Declaration of Herb Haley, the Administrator of the Time Computation Unit responsible for determining prisoner release dates for ADC, Plaintiff was released from ASPC-Florence on July 15, 2020 without ongoing supervision by ADC.

(Doc. 54-1 a2 (Haley Decl.) ¶¶ 2−3.)  Because there are no terms of supervision for Plaintiff, ADC would only retake Plaintiff into custody if Plaintiff commits a new felony offense, is prosecuted and convicted, and is sent to a state-run prison.  (*Id.* ¶¶ 4−5.)

## V. Discussion

The above facts are sufficient to show that Plaintiff is no longer in ADC custody and therefore no longer relies on Centurion for his medical care.  Additionally, ADC has no ongoing supervision over Plaintiff and will not again be responsible for his medical needs—including his alleged foot and ankle injuries in this action—unless Plaintiff commits a new felony, is prosecuted, and is returned to an Arizona prison.  On these facts, Plaintiff's return to ADC is highly speculative, and there is no "reasonable expectation" that Plaintiff's injuries will recur in ADC custody such that Centurion will have any future role in Plaintiff's medical care.  *See Dilley*, 64 F.3d at 1368.

To the extent Plaintiff states a claim for injunctive relief stemming from his injuries in this action, that claim is therefore moot, and the exception to mootness based on the likelihood of recurrence is not met.  Accordingly, the Court will grant Centurion's Motion for Summary Judgment based on mootness and dismiss Centurion from this action without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Centurion's Motion for Summary Judgment (Doc. 53) and Motion for Summary Disposition (Doc. 68).

(2) Centurion's Motion for Summary Judgment (Doc. 53) is **granted**, and Centurion is **dismissed** from this action without prejudice; Centurion's Motion for Summary Disposition (Doc. 68) is **denied**.

Dated this 21st day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge