WO                                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Donnie Ray Matthews, | No. CV 18-3740-PHX-MTL (MHB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Donnie Ray Matthews, who was previously confined in the Arizona State Prison Complex (ASPC)-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983.[1] Defendants Corizon and Arizona Department of Corrections (ADC) Director David Shinn have filed a Motion for Summary Judgment (Doc. 73). Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 75), and he failed to do so.

The Court will dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and deny as moot the Motion for Summary Judgment.

**I.     Background**

On screening of Plaintiff's two-count Second Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that, liberally construed, Plaintiff stated Eighth

---

[1] After filing this action, Plaintiff filed a Notice of Change of Address, showing that he had been released from custody. (Doc. 11.) Most recently, mail sent to Plaintiff's last known address was returned to the Court as undeliverable (*see* Doc. 78), and Plaintiff has not apprised the Court of a new address.

Amendment medical care claims in Count One against Defendant former ADC Director Charles Ryan in his official capacity and in Count Two against Defendants former ADC Medical Provider Corizon and the Corizon Utilization Management Team (UMT). (Doc. 14.)  The Court ordered Ryan and Corizon to answer, gave Plaintiff 120 days to identify and substitute the names of the UMT members as the proper Defendants for the UMT, and dismissed the remaining claims and Defendants. (*Id.*)

The Court subsequently dismissed without prejudice the UMT pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute because Plaintiff did not file a timely notice of substitution with the names of the UMT members or seek an extension of time to do so. (Doc. 20.)  The Court also substituted current ADC Director David Shinn for former ADC Director Ryan in his official capacity, dismissed Ryan from this action, and joined ADC medical provider Centurion as a Defendant solely for purposes of providing potential injunctive relief. (Docs. 22, 23.)  Centurion later moved for summary judgment on the ground that Plaintiff's release from ADC custody moots any claim for injunctive relief Centurion could provide, and the Court granted the Motion for Summary Judgment on mootness grounds and dismissed Centurion from this action. (Doc. 76.)

On March 2, 2021, after mail to Plaintiff's last known address was returned to the Court as undeliverable, Magistrate Judge Michelle H. Burns issued an Order to Show Cause, giving Plaintiff 10 days from the date of that Order to either (1) file a notice of change of address, or (2) show cause why this matter should not be dismissed for failure to prosecute. (Doc. 79.)  More than 10 days has elapsed, and Plaintiff has not filed a notice of change of address or otherwise responded to the Order to Show Cause.

**II.     Legal Standards**

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved Complaint form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address

1  may result in the dismissal of your case."  (Information and Instructions for a Prisoner
2  Filing Civil Rights Complaint at 2 ¶ 7).  Plaintiff was also informed in the Court's May 29,
3  2019 Screening Order that he "must file and serve a notice of a change of address in
4  accordance with Rule 83.3(d) of the Local Rules of Civil Procedure," and that his failure
5  to do so "may result in dismissal of this action."  (Doc. 14 at 10.)

   Plaintiff has the general duty to prosecute this case.  *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address, and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

   Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

   In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

   . . . .

**III. Discussion**

Here, the first and second factors favor dismissal. Plaintiff's failure to participate meaningfully in this action or comply with Court Orders prevents this action from proceeding, and neither the public's interest in expeditious resolution of litigation nor the Court's need to manage its docket are served by allowing this action to continue. As to the third factor, dismissal of the action for failure to prosecute rather than on the merits will not prejudice Defendants. Even if the dismissal is without prejudice and Plaintiff's claims are not yet barred by the statute of limitations, such that Plaintiff is able to refile, Defendants have already defended against Plaintiff's claims by filing a Motion for Summary Judgment and would not likely need to conduct additional discovery or engage in further briefing to defend against any potentially re-filed claims. The fourth factor favoring adjudication on the merits weighs against dismissal. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) ("The first two . . . factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.")

The fifth and final factor requires the Court to consider whether a less drastic alternative than dismissal is available. The Court already took the less drastic alternative of issuing an Order to Show Cause before dismissing this action outright, and Plaintiff failed to show cause why this action should not be dismissed. It therefore appears that Plaintiff has lost interest in prosecuting this action. Additionally, because it appears that Plaintiff is no longer receiving mail at his last known address, any further warnings are bound to be futile. *See Carey*, 856 F.2d at 1441 ("An order to show cause why dismissal is not warranted . . . would only find itself taking a round trip tour through the United States mail."). Realistically, the only less drastic option remaining is dismissal without prejudice. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." The Court will therefore dismiss this action without prejudice for failure to prosecute pursuant

to Rule 41(b). *See Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute").

Because the Court will dismiss this action without prejudice, the Court will deny as moot Defendants' Motion for Summary Judgment.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants Corizon and Shinn's Motion for Summary Judgment (Doc. 73) and the Motion is **denied** as moot.

(2) This action is **dismissed** without prejudice for failure to prosecute pursuant to Rule 41(b); the Clerk of Court must enter judgment accordingly.

Dated this 23rd day of March, 2021.

.

Michael T. Liburdi
United States District Judge

- 5 -